UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLBROOK,

    Petitioner,

v.

    CASE NO. 2:19-CV-13447
    HONORABLE PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN,

    Respondent.
_____/

## OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner, Charles Holbrook, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his state court convictions.[1]

---

[1] Petitioner does not specify in his petition the convictions that he challenges. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, see *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted in the Kent County Circuit Court in 2010 for two counts of producing child sexually abusive material, two counts of allowing a child to engage in child sexually abusive activity, two counts of possessing child sexual abusive material, accosting a child for immoral purposes, and felon in possession

1

## I. BACKGROUND

Petitioner previously filed a petition for a writ of habeas corpus challenging his convictions out of the Kent County Circuit Court, which was denied on the merits. *See Holbrook v. Rapelje*, No. 2:13-cv-13137 (E.D. Mich. April 1, 2016) (Friedman, J.).

Petitioner has since been denied permission by the United States Court of Appeals for the Sixth Circuit several times to file a successive habeas petition. *See In Re Holbrook*, 17-1444 (6th Cir. Oct. 2, 2017); *In Re Holbrook*, 17-1518 (6th Cir. Oct. 2, 2017); *In Re Holbrook*, 17-1540 (6th Cir. Oct. 5, 2017); *In Re Holbrook*, 17-1839 (6th Cir. Jan. 2, 2018); *In Re Holbrook*, 17-1950 (6th Cir. Jan. 2, 2018); *In Re Holbrook*, 17-2242 (6th Cir. Mar. 21, 2018); *In Re Holbrook*, 17-2327 (6th Cir. Mar. 21, 2018); *In Re Holbrook*, 18-2109 (6th Cir. Feb. 15, 2019).

## II. DISCUSSION

Petitioner previously filed a prior petition for a writ of habeas corpus challenging his convictions and sentence. An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an

---

of a firearm. *See also People v. Holbrook*, No. 298869, 2011 WL 5064266, at *1 (Mich. Ct. App. Oct. 25, 2011).

order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner already filed a habeas petition with the federal courts challenging his 2010 convictions out of the Kent County Circuit Court. Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

## III. CONCLUSION

**IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

/s/ Paul Borman
HON. PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATE: DEC 27 2019

4